TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAMES A. SANTIAGO (Cal. Bar No. 300459)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2229
    Facsimile: (213) 894-0141
    E-mail:   james.santiago@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00138-FMO |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BRAD ARAGON |
| v. | |
| BRAD ARAGON, | |
| Defendant. | |

    1.    This constitutes the plea agreement between Brad Aragon ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count three of the indictment in <u>United States v. Brad Aragon</u>, CR No. 20-00138-FMO,

which charges defendant with knowingly and intentionally possessing with intent to distribute at least five grams, that is, approximately 6.5 grams, of methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

       a.   Not contest facts agreed to in this agreement.

       b.   Abide by all agreements regarding sentencing contained in this agreement.

       c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may

2

consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for any violations of Title 21, United States Code, for defendant's distribution of controlled substances as described in the agreed-to factual basis set forth in paragraph 12.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

e.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

f.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that: (1) the total offense level under the Sentencing Guidelines is 31 or higher, (2) the Court does not

1   depart downward in offense level or criminal history, and (3)

2   defendant complies with paragraph 2 through the time of sentencing.

3           g.    Should the Court sentence defendant to a term of

4   imprisonment, recommend that defendant not be required to self-

5   surrender to serve his sentence until on or after January 14, 2022,

6   unless defendant violates the conditions of his bond.

7                        NATURE OF THE OFFENSE

8           4.    Defendant understands that for defendant to be guilty of

9   the crime charged in count three, that is, possession with intent to

10  distribute methamphetamine, in violation of Title 21, United States

11  Code, Sections 841(a)(1), (b)(1)(B)(viii), the following must be

12  true: (1) defendant knowingly possessed methamphetamine; and (2)

13  defendant possessed it with the intent to distribute it to another

14  person.  To "possess with intent to distribute" means to possess with

15  intent to deliver or transfer possession of methamphetamine to

16  another person, with or without any financial interest in the

17  transaction.

18          5.    Defendant understands that for defendant to be subject to

19  the statutory maximum and statutory minimum sentence set forth below,

20  the government must prove beyond a reasonable doubt that defendant

21  possessed at least five grams of methamphetamine.  Defendant admits

22  that defendant, in fact, possessed at least five grams of

23  methamphetamine, as described in count three of the indictment.

24                             PENALTIES

25          6.    Defendant understands that the statutory maximum sentence

26  that the Court can impose for a violation of Title 21, United States

27  Code, Section 841(a)(1), (b)(1)(B)(viii), as charged in count three,

28  is: forty years' imprisonment; a lifetime period of supervised

                                4

release; a fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(viii), as charged in count three, is: five years' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.

8.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

12.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant

6

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

In 2018 through January 2019, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally distributed methamphetamine and heroin to other people.  On August 14, 2018, in Los Angeles County, defendant sold approximately three grams of heroin to one of his customers, C.Y., for approximately $165.  On January 19, 2019, at his residence in Canoga Park, defendant knowingly possessed, with the intent to distribute to other people, 18.2 grams of heroin and 6.5 grams of actual (that is, pure) methamphetamine, along with a digital scale.

Defendant was more than 18 years old at the time of this drug possession and distribution in 2018 and 2019, and had previously been convicted of the following felony crimes:

- Battery with Bodily Injury, in violation of California Penal Code § 243(d), in San Bernardino County Superior Court, Case Number FWV1202116, on or about August 11, 2014; and

- Possession for Sale of Controlled Substance – Heroin, in violation of California Health & Safety Code § 11351, Possession of a Controlled Substance for Sale, in violation of California Health & Safety Code § 11378, Transportation/Sale of a Controlled Substance, in violation of California Health & Safety Code § 11352(a), and Transportation of a Controlled Substance, in violation of § 11379(a),

1  in Los Angeles County Superior Court, Case Number LA 085130, on or
2  about September 12, 2017.

3                            SENTENCING FACTORS

4       13.  Defendant understands that in determining defendant's
5  sentence the Court is required to calculate the applicable Sentencing
6  Guidelines range and to consider that range, possible departures
7  under the Sentencing Guidelines, and the other sentencing factors set
8  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
9  Sentencing Guidelines are advisory only, that defendant cannot have
10 any expectation of receiving a sentence within the calculated
11 Sentencing Guidelines range, and that after considering the
12 Sentencing Guidelines and the other § 3553(a) factors, the Court will
13 be free to exercise its discretion to impose any sentence it finds
14 appropriate between the mandatory minimum and up to the maximum set
15 by statute for the crime of conviction.

16      14.  Defendant and the USAO agree to the following applicable
17 Sentencing Guidelines factors:

18      Base Offense Level    34[1]        U.S.S.G. §§ 4B1.1(b)(2), 4B1.2
        [For career
19      offender where the
        statutory maximum
20      is 25 years or
        more]
21

22

23 Defendant and the USAO reserve the right to argue that additional
24 specific offense characteristics, adjustments, and departures under
25 the Sentencing Guidelines are appropriate.

26

27      [1] Defendant and the USAO agree that if defendant were not a
   career offender under U.S.S.G. §§ 4B1.1 and 4B1.2, the base offense
28 level would be 24, for at least 100 KG but less than 400 KG of
   Converted Drug Weight, under U.S.S.G. § 2D1.1(a)(5),(c)(8).

15.    Defendant and the USAO agree that defendant is in Criminal History Category VI under the Sentencing Guidelines.

16.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

19.   Provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 31 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions

10

mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

21.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 31 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result

11

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

12

1 entered a guilty plea pursuant to this agreement, defendant will not

2 be able to withdraw the guilty plea, and (b) the USAO will be

3 relieved of all its obligations under this agreement.

4 　　　26.　Following the Court's finding of a knowing breach of this

5 agreement by defendant, should the USAO choose to pursue any charge

6 that was either dismissed or not filed as a result of this agreement,

7 then:

8 　　　　　a.　Defendant agrees that any applicable statute of

9 limitations is tolled between the date of defendant's signing of this

10 agreement and the filing commencing any such action.

11 　　　　　b.　Defendant waives and gives up all defenses based on

12 the statute of limitations, any claim of pre-indictment delay, or any

13 speedy trial claim with respect to any such action, except to the

14 extent that such defenses existed as of the date of defendant's

15 signing this agreement.

16 　　　　　c.　Defendant agrees that: (i) any statements made by

17 defendant, under oath, at the guilty plea hearing (if such a hearing

18 occurred prior to the breach); (ii) the agreed to factual basis

19 statement in this agreement; and (iii) any evidence derived from such

20 statements, shall be admissible against defendant in any such action

21 against defendant, and defendant waives and gives up any claim under

22 the United States Constitution, any statute, Rule 410 of the Federal

23 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

24 Procedure, or any other federal rule, that the statements or any

25 evidence derived from the statements should be suppressed or are

26 inadmissible.

27

28

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

14

1  fulfill all defendant's obligations under this agreement.  Defendant
2  understands that no one -- not the prosecutor, defendant's attorney,
3  or the Court -- can make a binding prediction or promise regarding
4  the sentence defendant will receive, except that it will be between
5  the statutory mandatory minimum and within the statutory maximum.

NO ADDITIONAL AGREEMENTS

6

7      30.  Defendant understands that, except as set forth herein,
8  there are no promises, understandings, or agreements between the USAO
9  and defendant or defendant's attorney, and that no additional
10  promise, understanding, or agreement may be entered into unless in a
11  writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

12

13     31.  The parties agree that this agreement will be considered
14  part of the record of defendant's guilty plea hearing as if the
15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  TRACY L. WILKISON
    Acting United States Attorney

20

21  _____        9/27/2021
    JAMES A. SANTIAGO                       _____
22  Assistant United States Attorney        Date

23  _____        9/25/2021
    BRAD ARAGON                             _____
24  Defendant                               Date

25  _____        9-27-21
    JOSEPH ABRAMS                           _____
26  EDWARD SAPONE                           Date
    Attorneys for Defendant Brad Aragon
27

28

15

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorneys. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorneys, and my attorneys have advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorneys in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     9/23/2021
BRAD ARAGON                   Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Brad Aragon's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

16

1  provisions, and of the consequences of entering into this agreement.
2  To my knowledge: no promises, inducements, or representations of any
3  kind have been made to my client other than those contained in this
4  agreement; no one has threatened or forced my client in any way to
5  enter into this agreement; my client's decision to enter into this
6  agreement is an informed and voluntary one; and the factual basis set
7  forth in this agreement is sufficient to support my client's entry of
8  a guilty plea pursuant to this agreement.

9
10  JOSEPH ABRAMS                                    9-27-21
     EDWARD SAPONE                                   Date
11  Attorneys for Defendant Brad Aragon
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17